**Roshanbanu Madatali SHIVANI,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 05–1652.

United States Court of Appeals,
Fourth Circuit.

Submitted: Jan. 23, 2006.

Decided: Feb. 17, 2006.

Thanos Kanellakos, York, Pennsylvania, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Larry P. Cote, United States Department of Justice, Washington, D.C., for Respondent.

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Petition denied by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roshanbanu Madatali Shivani, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's decision finding her removable from the United States as an alien who has falsely represented herself to be a U.S. citizen, and as an alien who engaged in unauthorized employment.* *See* 8

---

* Shivani does not challenge the immigration judge's finding that she is removable pursuant

to 8 U.S.C.A. § 1227(a)(1)(B) (West Supp.

U.S.C.A. §§ 1227(a)(1)(C)(I), (a)(3)(D) (West 1999 & Supp.2005). We have reviewed the record and the immigration judge's decision and find that reasonable, substantial, and probative evidence supports the immigration judge's findings. *See* 8 U.S.C. § 1229a(c)(3)(A) (2000). Notably, the record reveals that Shivani admitted in a sworn statement that she applied for a U.S. passport by submitting a fraudulent Maryland birth certificate and that she worked as a seamstress for her local church at a rate of $5.00 per garment. We therefore uphold the immigration judge's finding that Shivani is removable on all charges and deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*

2005) as an alien who remained longer than permitted after admission as a nonimmigrant.